BOLTON LAW, PLLC
111 N. 7th St, #3386
Coeur d'Alene, Idaho 83816
Telephone: (208) 306-3360
Facsimile:  (208) 519-3974
K. Jill Bolton ISBN: 5269
reception@kjboltonlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL LEE MOORE & KAREN MOORE, husband and wife,<br><br>　　Plaintiffs,<br><br>v.<br><br>THE CITY OF BONNERS FERRY, BRIAN ZIMMERMAN; MARTIN RYAN, MICHAEL VAN LEUVEN, GARY TOLLESON, and JOHN and JANE DOE I-X, as agents of BONNERS FERRY POLICE DEPARTMENT<br><br>　　Defendants. | CASE NO.: 2:22-CV-376-BLW<br><br>VERIFIED RESPONSE TO DEFENDANTS VAN LEUVEN AND TOLLESON'S MOTION TO DISMISS OR, IN THE ALTERNATIVE RELINQUISH SUPPLEMENTAL JURISDICTION AND REMAND |

COME NOW the Plaintiffs, DANIEL LEE MOOORE & KAREN MOORE, (collectively "the Plaintiffs"), by and through their attorney of record, K. Jill Bolton of the firm, BOLTON LAW, PLLC and hereby responds to Defendants Michael Van Leuven and Gary Tolleson's ("ISP Defendants") motion to dismiss.

## I. Introduction

The Plaintiffs agree that this Court's July 17, 2023, Memorandum Decision and Order (Dkt. 43) dismissed Plaintiff's Counts I and II. The Plaintiffs also agree that they filed their Amended Complaint in conformance with this Court's Memorandum Decision. (Dkt. 44)("Amended Complaint").

Bond was timely posted in this matter in the amount of $50,000 pursuant to this Court's order (Dkt. 3) and as belatedly recorded by the Clerk as referenced in the Court's docket text entry dated September 18, 2023.

It is not entirely clear from their motion and memorandum the reason the ISP Defendants set forth the distance from Bonners Ferry, Idaho, where the facts forming the basis of the action were established, to the federal courthouse in Boise, Idaho. Presumably this is meant to suggest that our federal trial of this matter would be a great distance away if the case is maintained in federal court rather than remanded to state court. However, there is a federal courthouse located in Coeur d'Alene, Idaho, where both ISP Defendants Tolleson and Van Leuven are employed and within approximately 75 miles of Bonners Ferry, Idaho.

After this Court's Memorandum Decision, one remaining claim against Defendants Van Leuven and Tolleson is Count V, the Idaho tort claim of negligent infliction of emotional distress. They then argue that ISP Defendants did not have a duty to the Plaintiffs and so the claim should be dismissed.

RESPONSE TO ISP DEFENDANTS MOTION TO DISMISS            2

Idaho State Police had a legal duty that they violated when they failed to abide by their sworn oath to follow the law and the Constitutions of the United States and the State of Idaho. As has been determined in the underlying criminal case by the Idaho Supreme Court, the conduct of the law enforcement officers in this case violated Dr. Moore's Fifth Amendment right to counsel. This violation occurred through the officers ignoring Dr. Moore's repeated requests for counsel during his custodial interrogation <u>and</u> using said unlawfully obtained statements in subsequent criminal proceedings. These proceedings included the filing of a criminal complaint and using his statements against him in a preliminary hearing.

## II.     Argument

The Defendants' burden on a Fed. R. Civ. P. 12(b)(6) motion to dismiss is high. A complaint should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995). When considering a Rule 12(b) motion to dismiss, the Court examines whether the allegations contained within the pleading are sufficient under the applicable federal pleading standards. *Stanton v. Battelle Energy Alliance*, 83 F. Supp.3d 937 (2015). Such minimum pleading standards require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Thus, a motion to dismiss should be granted only where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted).

Additionally, Plaintiffs bringing actions against law enforcement officers in Idaho are required to post a cash bond. I.C. § 6-610.

### A. Plaintiffs posted bond pursuant to Idaho Code § 6-610.

ISP Defendants' first claim regarding the posting of bond should be denied. Plaintiffs posted bond in this matter pursuant to Idaho Code § 6-610 after obtaining leave of the Court to post a cash bond. (Dkt. 3). Bond was posted shortly after entry of this Court's order permitting posting a cash bond. However, by apparent clerical error, no immediate record of said payment was made in the Court docket. The Clerk of the Court has since corrected the record by text docket entry made on September 18, 2023, indicating that a cash bond was in fact posted in August 2022 pursuant to the Court's order permitting such posting.

### B. Plaintiffs' Count V: Negligent Infliction of Emotional Distress should proceed.

Historically, a claim for negligent infliction of emotional distress (NIED) in Idaho had five elements: (1) the existence of a duty, (2) a breach of that duty, (3) proximate cause, (4) damages, and (5) physical manifestation of the injury. *Sommer v. Elmore Cty.*, 903 F.Supp.2d 1067, 1075 (D. Idaho 2012). More recently, the Idaho Supreme Court identified the elements in an Idaho NIED claim as: "(1) a legal duty recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Frogley v. Meridian Joint School Distr. No. 2*, 155 Idaho 558, 569, 314 P.3d 613, 624 (2013). Further, "there must be some proof of a physical manifestation of the plaintiff's emotional injury, which is designed to provide a degree of genuineness that claims of mental harm are not imagined." *Czaplicki v. Gooding Joint Sch. Dist. No. 231*, 161 Idaho 326, 332, 775 P.2d 640, 646 (1989).

Defendants Van Leuven and Tolleson are both Detectives with the Idaho State Police. As such, both had a legal duty to "to support the constitution and laws of the United States and the state of Idaho, and to honestly and faithfully perform the duties imposed upon [them] under the provisions of the laws of Idaho as a member of the Idaho state police." Idaho Code § 67-2901(5)(m). Further, as recognized by the Idaho Supreme Court "every person 'has a duty to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to others.'" *Frogley,* 155 Idaho at 569, 314 P.3d at 624 (2013), quoting *Nation v. State Dep't of Corr.*, 144 Idaho 177, 189, 158 P.3d 953, 965 (2007).

As set forth in the Amended Complaint, Defendants Van Leuven and Tolleson violated this duty when they encouraged and directed the continued interrogation of Dr. Moore after he asserted his right to counsel and then caused the filing of a criminal complaint charging Dr. Moore with second degree murder based on the unlawfully obtained statements. (Dkt. 44, ¶ 154). The ISP Defendants then proceeded in using said unlawfully obtained statements against Dr. Moore during the public preliminary hearing. (Dkt. 44, ¶ 157). By using these unlawfully extracted statements "in a criminal proceeding", the ISP Defendants violated Dr. Moore's Fifth Amendment rights. See *Chavez v. Martinez*, 538 U.S. 760, 761 123 S.Ct. 1994, 1997-1998 (use of a compelled statements against an accused, obtained by violations of *Miranda* rights occurs when such statements are used "in a criminal proceeding"). See also, *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990).

The false confession the ISP Defendants extracted and subsequently used in a criminal proceeding violated clearly established law that requires that police cease all questioning of a suspect in custody when the suspect requests counsel. Notwithstanding their clear, and ultimately conceded violation of the law, ISP Defendants then testified about, used, and introduced the

unlawfully obtained statement at a subsequent preliminary hearing in violation of Dr. Moore's privilege against self-incrimination guaranteed him by the Fifth Amendment.

This Fifth Amendment violation was specifically found and established by the Idaho Supreme Court in the underlying criminal case. *State v. Moore*, 516 P.3d 1054, 1071 (2022)("the State made a significant tactical error in deciding to rest its case at the preliminary hearing entirely on evidence of the confession—a confession which the State now acknowledges was a violation of Moore's Fifth Amendment rights").

Consequently, as verified by the Plaintiffs herein, Dr. and Mrs. Moore suffered negligent infliction of emotional distress. (Dkt. 44, ¶¶ 5, 220). This included actual physical injuries stemming from this emotional distress. Dr. Moore suffered from persistent panic attacks after his arrest, requiring medication. This condition continued after his release from incarceration. His previously diagnosed hypertension worsened, resulting in severe headaches for many months. He developed pylori-gastrointestinal tract infection resulting in severe heartburn and nausea for many months. He was also diagnosed with depression in August 2020, requiring medication and counseling. He suffered from loss of appetite, sleep disturbances, muscle tension, social withdrawal and poor concentration, symptoms consistent with his diagnosis of anxiety and depression requiring regular trips to his physician and medications. Karen Moore suffered from acute grief reaction, with symptoms that included severe anxiety, hypertension, gastrointestinal distress, severe weight loss and insomnia requiring medication. Ultimately, these persistent symptoms resulted in a diagnosis of depression, also requiring medication and counseling. The Moores ultimately sought and obtained EMDR treatment designed for individuals suffering from PTSD, to attempt some relief from their ongoing emotional distress.

It is plain from their pleadings that the Moores did not include this detail in their Amended Complaint. Should this Court decide that the specifics of these injuries, which continue, must be asserted in the Complaint itself, the Plaintiffs request leave to amend to add these facts, or at a minimum, to add the language "the Plaintiffs suffered physical manifestations of the emotional injuries," proof of which must be made to establish the claim, but not specifically identified by the Idaho Supreme Court as an element of NIED as recently as 2013. *Frogley*, 155 Idaho 558, at 569, 314 P.3d 613, at 624 (2013). Leave to amend a civil complaint should be liberally given, pursuant to Fed. R. Civ. P. 15. See *Chudacoff v. University Med. Cent. Of Southern Nev.,* 649 F.3d 1143, 1152 (9th Cir. 2011)("the underlying purpose of Rule 15[is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and thus "Rule 15's policy of favoring amendments to pleadings should be allowed with extreme liberality.").

Idaho law on the issue of NIED claims in Idaho under any set of facts that might be analogous to this case are far from settled. Indeed, no cases were found that addressed a similar set of facts or circumstances as presented in this case. The ISP Defendants therefore attempt to rely on a Washington Court of Appeals case, *Keates v. City of Vancouver*, 869 P.2d 88 (Wa. App. 1994) for the proposition that a claim for NIED may not be based merely upon law enforcement conduct in an interrogation. (Dkt. 46-1, 5-6). However, even if this Court gives this case some persuasive consideration, the case here is distinguishable. Unlike the Plaintiff in *Keates*, the Moores did not suffer solely from the conduct of officers during an interrogation. They suffered from the decision of those officers, acting in concert, who persisted forward in reliance exclusively on their unlawfully obtained confession to charge Moore with second degree murder, pronounce their charges against Moore by public

press release, and continue with their efforts to rely solely on that unlawfully obtained evidence against Moore in a public preliminary hearing. In doing so, the ISP Defendants failed to exercise ordinary care in the implementation of their duties and disobeyed their oath of office established by Idaho statute.

Finally, Defendants' claim that Idaho Code 6-904(3) precludes their NIED claim lacks merit. Though such a claim might have been brought, Plaintiffs have not made a claim under this exception to government liability. They have alleged neither "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, receipt or interference with contract rights." I.C. § 6-904(3). Instead, Plaintiffs have based their tort claim on ISP Defendants failure to exercise ordinary care in the performance of their discretionary functions. See *Rees v. State Dept. of Health and Welfare*, 143 Idaho 10, 137 P.2d 397 (2006)(the ITCA permits claims against a government employee arising out of acts or omissions requiring the exercise of ordinary care in the performance of discretionary functions), I.C. § 6-904(1).

The purpose of the Idaho Tort Claims Act (ITCA) is to provide "much needed relief to those suffering injury from the negligence of government employees." Id., 143 Idaho at 19, 137 P.2d at 406 (quotations omitted). "The ITCA is to be construed liberally, consistent with its purpose, and with a view to attaining substantial justice…Therefore…liability is the rule and immunity is the exception." Id. (quotations omitted). Further, "whether a government exercised ordinary care normally a factual question best left to the jury." Id. 143 Idaho at 20, 137 P.2d at 407.

For each of these reasons, the ISP Defendant's motion to dismiss the Moores state tort claim for negligent infliction of emotional distress should be denied.

### C. This Court should retain its supplemental jurisdiction over Count V

Plaintiffs agree that 28 U.S.C. § 1367(c) sets forth the statutory factors that govern this Court's discretionary decision of whether to exercise supplemental jurisdiction in this case. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862 (2009). Consideration of the four factors of Section 1367 favors this Court's retention of Count V.

First, while there are few, if any reported cases in Idaho that relate to the claims set forth in Count V, the issue of Idaho tort claim liability for government actors is hardly a novel or complex issue of State law under 28 U.S.C. § 1367(c)(1). Second, it cannot be said presently that the state tort claim in Count V substantially predominates over the claim or claims over which the district court has original jurisdiction under 28 U.S.C. § 1367(c)(2). The predominant claims in this case were Plaintiff's claims in Counts I through IV brought under 42 U.S.C. § 1983. It also cannot be presently said that this court has dismissed all claims over which it has original jurisdiction under 28 U.S.C. § 1367(c)(3), as Counts III and IV have not been dismissed.[1] Finally, it cannot be said that there are "exceptional circumstances…or other compelling reasons for declining jurisdiction" under 28 U.S.C. § 1367(c)(4).

Indeed, there are compelling reasons for this Court to retain jurisdiction of this case. This case has been proceeding before this Court for over one year. During this time, the Court has considered novel issues of federal law relating to the primary and underlying federal Constitutional questions raised by the conduct of state law enforcement officers. It

---

[1] The City of Bonners Ferry Defendants have filed a motion for summary judgment on these claims which have not been heard at the time of filing this response. (Dkt. 47)

is this same conduct that is at issue in the state tort claim in Count V.

In extracting a confession from Dr. Daniel Moore during a custodial interrogation in which Dr. Moore repeatedly requested and was denied his right to counsel, the Defendants violated their duty to follow the laws and the Constitution. The federal question raised in Plaintiffs' claims was complicated and became novel when the United States Supreme Court issued its decision which this Court described as "judicial activism" in *Vega v. Tekoh*, 142 S.Ct. 2095 (2022), injuring the Fifth Amendment right to counsel by denying litigants like Dr. Moore the federal remedy under 42 U.S.C. § 1983. (Dkt. 43, p. 19-20). This Court is now well informed of these issues. A remand to state court will likely require an entirely new round of motions and briefings to educate the State court as they are raised in the context of the State tort claims.

Finally, if this Court decides to grant the Bonners Ferry defendants motion for summary judgment, thereby giving this Court the 28 U.S.C. § 1367(c)(3) grounds to relinquish federal jurisdiction, Plaintiffs will be forced to prosecute both an appeal of their dismissed federal claims, while litigating a tort claim before the State court, should they wish to pursue and appeal. Fairness should dictate a resolution of all the claims brought in this case through the well-established federal court process, not the least of which promotes resolution of the claims through the federal alternative dispute resolution process as contemplated by the parties in their Stipulated Litigation Plan.

### III. Conclusion

The ISP Defendants' motion to dismiss should be denied. Plaintiffs properly posted a bond pursuant to Idaho Code § 6-610. Plaintiffs have properly alleged all elements of the State of Idaho tort claim of negligent infliction of emotional distress. Should this Court decide that

specific allegations of physical injury are nonetheless required, leave should be granted to the Plaintiffs to amend their complaint to include this minimal additional language. The ISP Defendants had a legal duty they owed to Plaintiffs as established by Idaho Code § 67-2901(5)(m) as well as a duty to exercise ordinary care to prevent unreasonable, foreseeable risk of harm to others. Finally, the factors of 28 U.S.C. § 1367(c) favor the Court exercising its discretion to retain jurisdiction of the State law claims set forth in Count V.

Dated this 26th day of September 2023.

/s/ K. Jill Bolton
K. Jill Bolton
Attorney for Plaintiffs

## DECLARATION

I, Daniel L. Moore, pursuant to Idaho Code Section 9-1406, certify and declare under penalty of perjury pursuant to the law of the State of Idaho that the within and foregoing factual allegations set forth in this Response are true and correct to the best of my knowledge and belief.

DATED 9/26/2023.

_____
ID p468HMSBDrsn2VYH5Reki6cY
Daniel M. Moore

## DECLARATION

I, Karen Moore, pursuant to Idaho Code Section 9-1406, certify and declare under penalty of perjury pursuant to the law of the State of Idaho that the within and foregoing factual allegations set forth in this Response are true and correct to the best of my knowledge and belief.

DATED 9/26/2023.

_____
ID a8GMBJ2NoLWNsaS4piVLfNTm
Karen Moore

CERTIFICATE OF SERVICE

I certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Defendants' Attorneys:

Bentley G. Stromberg

bstromberg@clbrmc.com , bmckinley@clbrmc.com

Michael J. Kane

mkane@ktlaw.net , tpresler@ktlaw.net

/s/ K. Jill Bolton
K. Jill Bolton, ID 5269
Attorney for Plaintiffs
BOLTON LAW, PLLC
111 N. 7th Street, 3386
Coeur d'Alene, Idaho 83816
reception@kjboltonlaw.com

# eSignature Details

**Signer ID:** **p468HMSBDrsn2VYH5Reki6cY**
Signed by: Daniel Moore
Sent to email: karen@alpinemontana.com
IP Address: 97.103.133.188
Signed at: Sep 26 2023, 5:20 pm PDT

**Signer ID:** **a8GMBJ2NoLWNsaS4piVLfNTm**
Signed by: Karen A Moore
Sent to email: karenanne57@outlook.com
IP Address: 97.103.133.188
Signed at: Sep 26 2023, 5:22 pm PDT