UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL LEE MOORE & KAREN MOORE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BONNERS FERRY, BRIAN ZIMMERMAN, MARTIN RYAN, MICHAEL VAN LEUVEN, GARY TOLLESON and JOHN and JANE DOE I-X, as agents of BONNERS FERRY POLICE DEPARTMENT,<br><br>Defendants. | Case No. 2:22-cv-00376-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two motions: the state defendants' motion to dismiss (Dkt. 46) and the city defendants' motion for summary judgment (Dkt. 47). For the reasons stated below the Court will grant both motions.

## BACKGROUND

In August 2020, Daniel Moore was charged with the murder of another Bonners Ferry chiropractor, Brian Drake, following his confession to law

enforcement. *Second Am. Complaint* at ¶ 11, Dkt. 44. When he was first

interviewed, Dr. Moore denied any involvement with the murder. *Id.* at ¶ 76.

Months later, however, law enforcement interviewed Dr. Moore again. *Id.* at ¶ 19.

Dr. Moore, after he was advised of his *Miranda* rights, repeatedly requested

counsel. *Id.* at ¶ 14. Neither the state nor city officers honored his requests. *Id.*

Ultimately, Dr. Moore confessed to the murder. *Id.* at ¶ 13.

   In the state criminal proceeding, Dr. Moore moved to suppress his

confession and the state district court granted the motion. *State v. Moore*, 516 P.3d

1054, 1063 (Idaho 2022). It concluded that the statements Dr. Moore made after he

invoked his right to counsel were involuntary and dismissed the case for lack of

evidence. *Id.* On appeal, the Idaho Supreme Court, affirmed the district court's

dismissal, holding that Dr. Moore's statements were obtained in violation of

*Miranda*, but that the statements were "voluntary and uncoerced." *Id.* at 1069.

   Dr. Moore and his wife, Karen Moore, filed this action against the city of

Bonners Ferry, several municipal officers, and two Idaho State Police officers

alleging several claims under 42 U.S.C. § 1983 and Idaho state law. *Amended

Complaint* at ¶ 30–34, Dkt. 44. In February 2023 the defendants moved for

judgment on the pleadings as to Counts I and II which the Court granted with leave

to amend. Dkt. 43. The Moores then filed a Second Amended Complaint. Dkt. 44.

The Second Amended Complaint is essentially identical to the Moores' original Complaint. *See Second Am. Complaint*, Dkt. 44. It alleges the same causes of action against the same parties. The state defendants, Michael Van Leuven and Gary Tolleson, have moved to dismiss the claim against them, or in the alternative for the Court to relinquish supplemental jurisdiction over Count V. The city defendants, the city of Bonners Ferry and Brain Zimmerman, have moved for summary judgment on all claims. The Moores oppose both motions.

## LEGAL STANDARD

### A.    Motion to Dismiss

A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Detailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-

unlawfully-harmed-me accusations." *Id.* (cleaned up). That is, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between the defendant and plaintiffs' injuries or damages. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "On a Rule 12(b)(6) motion to dismiss, the court accepts the facts alleged in the complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *Yoshikawa v. Seguirant*, 41 F.4th 1109, 1114 (9th Cir. 2022) (citations, quotations, and alteration omitted).

### B.     Motion for Summary Judgment

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact—that is, a fact "that may affect the outcome of the case." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant

of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to a material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

The city defendants have moved for summary judgment on Counts III, IV, and V and the state defendants move to dismiss Count V. The Court will first address the city defendants' arguments for summary judgment on Counts III and IV before turning to both parties' arguments for summary judgement and dismissal

of Count V.

> ### A.    Counts III and IV.

The Moores allege the city of Bonners Ferry is liable under *Monell* for
Officer Ryan's alleged violations of Dr. Moore's Fifth Amendment right to
counsel and due process. A municipality is liable under § 1983 where the
unconstitutional action is the result of a municipal policy. *Rivera v. County of Los
Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). There are several theories of liability
under *Monell*, however, all *Monell* claims "require a plaintiff to show an
underlying constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737,
741 (9th Cir. 2020). The Moores cannot make this showing.

This conclusion is required by the Court's previous order dismissing Counts
I and II against the individual city and state officers. *See Order*, Dkt. 43. The
dismissed claims alleged the individual officers violated Dr. Moore's Fifth
Amendment right to counsel and due process. In short, both counts were dismissed
because the claims were legally barred.

Count I, which alleged the officers violated Dr. Moore's right to counsel,
was barred by *Vega v. Tekoh*. 597 U.S. 134 (2022). In *Vega*, the Supreme Court
concluded that "a violation of *Miranda* is not itself a violation of the Fifth
Amendment" and such a violation does not "confer a right to sue under § 1983."

*Id.* at 152. The Court concluded that the Moores' claim fell within the holding of *Vega* because the Fifth Amendment right to counsel is a product of *Miranda v. Arizona*. *Order* at 15–21, Dkt. 43. While the right to counsel is not based solely on *Miranda*, even after *Edwards v. Arizona*, the right to counsel is not considered "a constitutional mandate, but a judicially prescribed prophylaxis." *Id.* at 19 (quoting *Maryland v. Shatzer*, 559 U.S. 98, 105 (2010)). The prophylactic nature of the rule in *Edwards*, like that of *Miranda*, prevents an *Edwards* violation from forming the basis for a § 1983 under *Vega*. As such, the Moores' right to counsel claim was barred by *Vega*.

Count II, similarly, alleged that the state and city officers violated Dr. Moore's due process rights by eliciting a coerced confession. Although not barred by *Vega*, this claim was barred by collateral estoppel. The Idaho Supreme Court, in *State v. Moore*, held that Dr. Moore's confession was "voluntary and uncoerced." 516 P.3d at 1069. Under Idaho law, this conclusion had a preclusive effect on his § 1983 claim, so it was dismissed.

The same legal bars apply here. The Moores' *Monell* claims are based upon the constitutional violations alleged in Counts I and II. As described briefly above and in more depth in the Court's previous order, neither alleged violation can form the basis of a § 1983 claim. This includes a *Monell* claim. Absent an underlying

constitutional violation, the Moores cannot prevail on their *Monell* claims.

The Moores agree with this characterization. *Response* at 8, Dkt. 50. Indeed, their main argument in opposition to summary judgment is that the Court should reconsider its decision dismissing Counts I and II. The Court will not do so. A motion for reconsideration is not properly brought in opposition to summary judgment but requires a separate motion with proper notice.[1] No such motion was made here. Even if the request were proper, the Moores have not established that that reconsideration is proper. There are limited grounds upon which the Court will grant a motion for reconsideration. *See e.g.*, *Powell v. Crypto Traders Management, LLC*, No. 2:20-cv-00352-BLW, 2022 WL 1748408, at *1 (D. Idaho May 31, 2022). The Moores are essentially relitigating the issues resolved by the order on the motions for judgment on the pleadings with evidence available at the time the original motion was decided. Generally, this type of argument is

---

[1] Generally, motions for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). *Powell v. Crypto Traders Management, LLC*, No. 2:20-cv-00352-BLW, 2022 WL 1748408, at *1 (D. Idaho May 31, 2022); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882 887 (9th Cir. 2001). A motion under any rule, however, is generally an "extra ordinary remedy" available only in limited circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Powell*, 2022 WL 1748408, at *1 (describing Rule 60(b) as a "catch-all provision" to be "used sparingly"); *Pyramind Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 ("[T]he major grounds that justify reconsideration involve an intervening change in the law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

insufficient to warrant reconsideration. *Id.* Accordingly, the Court will not revisit its decision and the city defendants' motion for summary judgment is granted with respect to Counts III and IV.

### B.    Count V

Count V alleges a state law claim for negligent infliction of emotional distress against Officers Zimmerman and Ryan from the city and Officers Van Leuven and Tolleson from the state. The state and city defendants move for dismissal and summary judgment, respectively, of Count V. Although there is significant overlap between the two motions, they are subject to different legal standards, so the Court will address the motions separately.

#### 1.  City Defendants Motion

The city defendants argue that the Moores' claim is barred by a statutory exception to government liability under the Idaho Tort Claims Act. Idaho Code § 6-904. Subsection 3 of this provision grants immunity to governmental entities and their employees "while acting within the course and scope of their employment" when a claim "[a]rises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Idaho Code § 6-904(3). "Idaho governmental entities ha[ve] complete immunity for the listed torts even if their employees

committed the tort with malice or criminal intent." *Bates v. 3B Detention Center*, No. 4:14-cv-359-BLW, 2016 WL 1755404, at *1 (D. Idaho May 2, 2016).

It is not determinative that the Moores do not actually allege any of the listed torts because the statute requires only "that a tort claim . . . 'arise out of' the type of conduct listed in Idaho Code § 6-904, which means it must originate or stem from such conduct. Immunity under the statue is not abrogated by changing the legal theory upon which a claim for recovery is sought." *James v. City of Boise*, 376 P.3d 33, 51 (Idaho 2015) (internal citations omitted).

Here, the Moores' claim for negligent infliction of emotional distress arises out of conduct alleging false arrest, false imprisonment, and malicious prosecution. The gravamen of the Moores' Complaint is that they suffered "serious and severe emotional distress as a direct and proximate result of Defendants['] . . . negligent acts in unlawfully extracting a false confession [and] pursuing Dr. Moore's detention and prosecution." *Second Am. Complaint* at ¶ 220, Dkt. 44. The damages sought are for not only the alleged *Miranda* violation and coerced confession, but also from Dr. Moore's imprisonment and prosecution as a result. The claim, then, arises out false arrest, false imprisonment and malicious prosecution—even if the claim is presented as a negligent infliction of emotional distress claim. *See Intermountain Construction, Inc. v. City of Ammon*, 841 P.2d 1082, 1084 (Idaho

1992). As such, the city defendants' motion for summary judgment is granted.

### 2. State Defendants' Motion

The state defendants argue that Count V of the Moores' Complaint should be dismissed for failure to state a claim. They propose several theories of dismissal, including, as the city defendants argued, pursuant to the Idaho Tort Claims Act. The Court agrees that the claim must be dismissed because the officers are immune under § 6-904(3) and no legal duty exists. Because the Court will dismiss the claim with prejudice, the Court does not address the state defendants' other arguments.

#### a. Idaho Code § 6-904(3)

As described above, the Idaho Tort Claims Act grants immunity to governmental entities and their employees "while acting within the course and scope of their employment" when a claim "[a]rises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Idaho Code § 6-904(3). The Moores' claim for negligent infliction of emotional distress arises out of false arrest, false imprisonment, and malicious prosecution. Just as the city officers are immune under Idaho Code § 6-904(3), so too are the state officers.

#### b. Legal Duty

The state defendants also argue that the Moores cannot state a claim for

negligently inflicted emotional distress because law enforcement officers do not owe a duty to suspects to investigate crimes in a non-negligent manner. The Court agrees.

To survive a motion to dismiss, the Moores must allege facts that, if true, would support a claim for negligent infliction of emotional distress. In Idaho, plaintiffs must allege (1) there is a legal duty recognized by law; (2) the defendants breached that duty; (3) there is a causal connection between the defendants' conduct and the plaintiffs' injuries; and (4) actual loss or damage. *Frogley v. Meridian Joint School District No. 2*, 314 P.3d 613, 624 (Idaho 2013).

The defendants claim that no legal duty exists to conduct investigations in a non-negligent manner. "The existence of a duty is a question of law." *Morrison v. St. Luke's Regional Medical Center Ltd.*, 377 P.3d 1062, 1069 (Idaho 2016). The Moores identify two sources for a legal duty: Idaho Code § 67-2901(5)(m) and the Idaho Supreme Court's statement that "every person has a duty to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to others." *Frogley*, 314 P.3d at 624 (internal quotations omitted).

Idaho Code § 67-2901(5) does not create a statutory duty. The Idaho Supreme Court "has recognized that to give rise to an affirmative duty, a statute must 'require a particular action by an agency to benefit a particular class of people

rather than a duty running to the general public.'" *GSN Capital, LLC v. Shoshone City & Rural Fire Dist.*, --- P.3d ---, 2024 WL 118094, at *5 (Idaho 2024) (quoting *Rees v. State, Dep't of Health & Welfare*, 137 P.3d 397, 403 (Idaho 2006)). § 67-2901(5) outlines the powers of the Idaho state police. Subsection m requires state police to "take and subscribe to an oath of office to support the constitution and laws of the United States and the state of Idaho, and to honestly and faithfully perform the duties imposed upon him under the provisions of the laws of Idaho as a member of the Idaho state police." Idaho Code § 67-2901(5)(m). This provision then, does not impose a duty by requiring "particular action" "to benefit a particular class of people." All it requires is an oath of office. Accordingly, § 67-2901(5)(m) does not impose any statutory duty on state police.

The Moores are correct, however, that "[e]very person has a duty to exercise ordinary care to prevent, unreasonable, foreseeable risks of harms to others." *Frogley*, 314 P.3d at 624. "This is the common law duty rule." *Hunter v. State, Department of Corrections, Division of Probation and Parole*, 57 P.3d 755, 761 (Idaho 2002). Idaho, however, "does not impose an affirmative duty on everyone to prevent foreseeable injury to everyone else." *Beers v. Corporation of President of Church of Jesus Christ of Latter-Day Saints*, 316 P.3d 92, 97 (Idaho 2013).

An affirmative duty "arises only when a special relationship exists between

the parties." *Id.* at 98. In determining whether a duty is owed in a particular

context, Idaho courts employ a "balancing of the harm analysis." *Id.* at 97. This

analysis occurs only in the "rare circumstances" where a party seeks to "extend a

duty beyond the scope previously imposed" or identify a duty "not previously

recognized." *Rife v. Long*, 908 P.2d 143, 149 (Idaho 1995).

The Moores have not identified any Idaho authority recognizing a duty owed

by law enforcement to a suspect or any analogous duty. *Response* at 7, Dkt. 48.

Implicitly then, they seek to "extend a duty beyond the scope previously imposed"

or identify a duty "not previously recognized." *Rife*, 908 P.2d at 149.  To

determine whether a duty exists, Idaho courts consider:

> [T]he foreseeability of harm to the plaintiff, the degree of certainty
> that the plaintiff suffered injury, the closeness of the connection
> between the defendant's conduct and the injury suffered, the moral
> blame attached to the defendant's conduct, the policy of preventing
> future harm, the extent of the burden to the defendant and
> consequences to the community of imposing a duty to exercise care
> with resulting liability for breach, and the availability, cost, and
> prevalence of insurance for the risk involved.

*Baccus v. Ameripride Services, Inc.*, 179 P.3d 309, 313 (Idaho 2008) (internal

citation omitted). The Idaho Supreme Court has explained, "[f]oreseeability is a

flexible concept." *Turpen v. Granieri*, 985 P.2d 669, 673 (Idaho 1999). When there

is a low cost to prevent the harm and the harm is great, then a low degree of

foreseeability is required. *Id.* In contrast, when the cost is high and the harm minor,

a higher degree of foreseeability is required. *Id.*

No Idaho court appears to have directly addressed the issue presented here. While engaging a similar analysis, at least one Idaho court has recognized that a policy "hold[ing] investigators liable for their negligent acts would impair vigorous prosecution and have a chilling effect on law enforcement." *Wimer v. State*, 841 P.2d 453, 455 (Idaho 1992). Numerous other jurisdictions "have declined to recognize the duty to conduct criminal investigations in a non-negligent manner and refused to recognize a tort of negligent investigation." *Waskey v. Municipality of Anchorage*, 909 P.2d 342, 344–45 (Alaska 1996) (collecting cases).[2]  For instance, the Washington Court of Appeal held that no duty existed for law enforcement to conduct investigations in a non-negligent manner. *Keates v. City of Vancouver*, 869 P.2d 88, 94 (Wash. App. 1994). Weighing the utility of investigative conduct with risk of harm from such interrogations, the Washington

---

[2] State courts have repeatedly rejected the imposition of liability on law enforcement based solely on negligent conduct during an investigation. *See Pritchett v. City of Homestead*, 855 So.2d 1164, 1165 (Dist. Ct. Fla. 2003) ("[N]egligent conduct of police investigations does not give rise to a cause of action because the duty to protect citizens and enforce the law is one owed generally to the public."); *Goldyn v. Clark County*, No.2:06-cv-0950-RCJ-RJJ, 2007 WL 2592797, at * 8 (D. Nev. 2007) (refusing to "recognize a cause of action based on negligent police investigation."); *Dirienzo v. United States*, 690 F.Supp. 1149, 1155 (D. Conn. 1988) ("[N]either New York nor the common law imposes liability upon even a *private* person for mere negligence in instituting or continuing a criminal prosecution for a crime which has actually occurred.").

court concluded that the utility was high and the risk of harm low. *Id.* at 266. The Moores, however, do point out that their claim differs from *Keates* because the Moores' claim is not solely based on the interrogation, but also on the continued prosecution of Dr. Moore. *Response* at 7–8 (Dk. 48).

Nonetheless, the policy identified in *Wimer* against holding officers liable for negligent acts counsels against the finding of a duty here. The *Wimer* court cited approvingly several cases from outside the jurisdiction where courts "specifically denied" "recovery for negligence in investigating or prosecuting a crime." *Wimer*, 841 P.2d at 455. This Court will not conclude otherwise by imposing a duty here. Accordingly, no duty exists and the Moores cannot prevail on a negligent infliction of emotional distress claim.

### c. Leave to Amend

The Moores request leave to amend their Complaint. "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations omitted). The Court finds that amendment would be futile. The application of Idaho Code §6-904(3) and existence of a legal duty are questions of law, and the allegation of additional facts cannot cure the deficiencies. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th

Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). As such, Count V is dismissed with prejudice and without leave to amend.

### C.    Motion to Relinquish Jurisdiction

The state defendants also request that the Court relinquish jurisdiction over the state law claim and remand the case to state court. This argument, however, is raised only as an alternative to dismissing the claim and since the Court has dismissed the state claim, it will not address this argument.

**ORDER**

**IT IS ORDERED that:**

1.   The City Defendants' Motion for Summary Judgment (Dkt. 47) is
     **GRANTED**.

**2.**   The State Defendants' Motion to Dismiss or Relinquish
     Supplemental Jurisdiction (Dkt. 46) is **GRANTED WITH**
     **PREJUDICE.**



DATED: March 11, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 17**